UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY #236321,

        Plaintiff,                        FILE NO. 2:06-CV-243

v.                                      HON. ROBERT HOLMES BELL

TIM LUOMA et al.,

        Defendants.
_____/

**OPINION REJECTING REPORT AND RECOMMENDATION**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the complaint for failure to state a claim (docket #4). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #5). For the reasons that follow, Plaintiff's objections are granted and the R&R is rejected.

I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In considering whether a complaint states a claim on which relief may be granted, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

II.

Plaintiff Christopher Bey alleges that Defendants deliberately subjected Plaintiff and other prisoners to cruel and unusual punishment. He contends that he is being housed in a

unit with mentally ill prisoners who frequently smear the walls and surfaces of their cells with feces. He avers that from July 14, 2005 through December 31, 2005, Defendants, as punishment, routinely allowed those prisoners to remain in their contaminated cells for hours or days. Plaintiff alleges that, during that period, the ventilation system of the unit regularly circulated air that smelled strongly of rotten human waste, exposing Plaintiff and other prisoners to sickening odors and the risk of airborne illness. As a result of Defendants' deliberate indifference, Plaintiff complains that he suffered nausea, migraine headaches, loss of appetite, loss of sleep, weakness and other symptoms.

### III.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while

3

incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all

must involve more than the ordinary lack of due care for the prisoner's interests or safety").

As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

The Magistrate Judge recommended that the complaint be dismissed because Plaintiff's contentions, at best, demonstrate that Defendants were negligent in their efforts to clean contaminated prisoner cells. In reaching that conclusion, the Magistrate Judge focused on the response to Plaintiff's step I grievance, in which a Resident Unit Manager reported that investigation demonstrated that staff were properly reporting deficiencies and ensuring the cleanliness of the unit on a daily basis.

Upon review of the complaint, however, the Court finds that Plaintiff has alleged more than negligence. Plaintiff specifically alleges that Defendants delayed cleaning

contaminated cells for hours or days as punishment. He also alleges that Defendants would make jokes about contaminated cells and the odor of the unit. Plaintiff supported his allegations with his own affidavit and those of several other prisoners.

Accepting Plaintiff's allegations as true, as this Court must for purposes of initial review, Plaintiff has alleged that Defendants were both objectively and subjectively aware of the unsanitary conditions of the cells and failed to address them. The Court therefore concludes that Plaintiff has sufficiently alleged an Eighth Amendment violation.

**IV.**

For the foregoing reasons, the Court hereby grants Plaintiff's objections and rejects the Report and Recommendation of the Magistrate Judge. The Court therefore will order service of the complaint. An order consistent with this opinion shall be entered.


Dated:     April 2, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE