UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY,

        Plaintiff,                           Case No. 2:06-cv-243

v.                                      HON. ROBERT HOLMES BELL

TIMOTHY LUOMA, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Christopher Bey, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The remaining defendants in this action are Warden Timothy Luoma, Deputy Warden Darlene Edlund, Assistant Deputy Warden William Luetzow, and Resident Unit Manager William Jondreau.

Plaintiff alleges in his complaint that defendants have deliberately subjected plaintiff and other prisoners to cruel and unusual punishment. Plaintiff contends that he is being housed in a unit with mentally ill prisoners. Plaintiff states that from July 14, 2005, until December 31, 2005, the unit has smelled strongly of human waste. Plaintiff claims that "human waste fumes" traveled through the ventilation system, causing the entire unit to smell like a dead body and raw sewage. Plaintiff states that the mentally ill prisoners are permitted to live in their cell with their own human waste for hours to days as a punishment, while the human waste becomes rotten, causing plaintiff to suffer from vomiting, loss of appetite, migraine headaches, nosebleeds and lack of sleep. On third shift, the officers would be forced to spray "orange scent" into the ventilation system to counteract the smell of human waste.

Plaintiff further states that the mentally ill prisoners have been known to eat their own feces and smear it on their faces, bodies, and hair. Plaintiff claims that some prisoners placed their feces inside the sink drain, fountains and decorated their cells with feces. Plaintiff believes that some of the mentally ill prisoners might already be infected with some type of disease, and asserts that feces can spread Hepatitis A.

On September 15, 2005, and October 6, 2005, defendant Jondreau made legal mail rounds during a time when the odor of human waste was extremely noticeable. Plaintiff states that defendant Jondreau allowed unit officers to punish the mentally ill prisoners for urinating and defecating all over their cell by depriving them of food and water. Plaintiff alleges that he has overheard staff saying that if prisoners do not eat or drink, they cannot urinate or defecate. Plaintiff further states that prisoners, like himself, who file grievances and complaints, are punished by being housed near mentally ill prisoners.

Plaintiff moves for partial summary judgment and defendants move for summay judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment

motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff cannot support his Eighth Amendment claim. In the court's prior opinion on this issue the court stated:

> The Magistrate Judge recommended that the complaint be dismissed because Plaintiff's contentions, at best, demonstrate that Defendants were negligent in their efforts to clean contaminated prisoner cells. In reaching that conclusion, the Magistrate Judge focused on the response to Plaintiff's step I grievance, in which a Resident Unit Manager reported that investigation demonstrated that staff were properly reporting deficiencies and ensuring the cleanliness of the unit on a daily basis.
>
> Upon review of the complaint, however, the Court finds that Plaintiff has alleged more than negligence. Plaintiff specifically alleges that Defendants delayed cleaning contaminated cells for hours or days as punishment. He also alleges that Defendants would make jokes about contaminated cells and the odor of the unit. Plaintiff supported his allegations with his own affidavit and those of several other prisoners. Accepting Plaintiff's allegations as true, as this Court must for purposes of initial review, Plaintiff has alleged that Defendants were both objectively and subjectively aware of the unsanitary conditions of the cells and failed to address them. The Court therefore concludes that Plaintiff has sufficiently alleged an Eighth Amendment violation.

Plaintiff has alleged that the odors have caused him headaches, nausea, loss of appetite, stress, redness in his eyes, loss of sleep, and nosebleeds from inserting toilet paper in his nose to reduce his

ability to smell. Defendants rely upon the unpublished case of *Abdur-Reheem v. McGinnis,* 1999 WL 1045069 (6th Cir. 1999). In that case the Sixth Circuit affirmed summary judgment for the defendants based upon similar facts as asserted in this case. The court explained:

> Regarding the sickening odors caused by his mentally ill neighbor and the cleaning of that cell, Abdur-Reheem-X has not specified a specific serious health threat caused by these odors. A condition of confinement claim requires a showing that society considers the health threat "to be so grave that it violates contemporary standards of decency to expose anyone unwillingly" to it. *See Helling v. McKinney,* 509 U.S. 25, 36 (1993) (regarding exposure to cigarette smoke). Anyone who thoroughly cleans a bathroom is exposed to the strong smell of bleach. This element of Abdur-Reheem-X's claim lacks merit.
>
> Abdur-Reheem-X's claim that he was forced to endure the smell of his neighbor's feces reflects a squalid and regrettable circumstance; however, because the defendants did not orchestrate the circumstance with the intent to punish or cause harm, the claim was properly dismissed. Other than nausea, Abdur-Reheem-X has asserted no serious health threat arising from the unpleasant odors. The Eighth Amendment protects Abdur-Reheem-X from conditions of confinement that are health threats; it does not shield him from conditions that cause mere discomfort. *See Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). In addition, the actions of the mentally ill inmate were not within the control of the defendants. Both Abdur-Reheem-X and his neighbor were in a segregated area within the prison complex. A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a standard that incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." *See Farmer,* 511 U.S. at 844-45 (internal citations omitted).
>
> Abdur-Reheem-X has neither claimed nor shown that the defendants housed him next to the mentally ill inmate with the purpose of endangering his health or safety. *See Hudson,* 503 U.S. at 9. Absent this subjective element, Abdur-Reheem-X's claim was properly dismissed. *See Knop,* 977 F.2d at 1012.

Plaintiff in this case has alleged that defendants intentionally failed to clean up the human waste as punishment and that his water was contaminated. Defendants have submitted

factual evidence establishing that they did not act with deliberate indifference. Former warden defendant Luoma has attested that the housing units have house keeping plans which include daily and regular maintenance. Weekly inspections are conducted by housing staff. Monthly sanitation inspections are conducted by supervisors and an annual inspection is conducted by the Regional Sanitarian. Defendant Luoma states that he was not personally aware of any unsanitary conditions in the housing unit. Defendant Luetzow attested that, on occasion, some prisoners demonstrate negative patterns of behavior involving human waste. However, the area as soon as possible will be cleaned and sanitized. Defendant Edlund stated that, on occasion, a few prisoners would dirty their cells with urine and feces. Those cells were cleaned in a timely manner. Prisoner porters received specialized training in cleaning human and hazardous wastes and were called upon to clean cells at anytime needed. Prisoners who exhibited unsanitary behavior were referred to a psychologist. Moreover, contrary to plaintiff's assertions the prison was not designed to house mentally ill prisoners. Prisoners diagnosed with a mental illness were transferred to a facility with a psychiatrist and an outpatient psychological team. Further, the ventilation system in the prison brought fresh air into the cells and did not allow air from one cell to move into other cells. Moreover, plaintiff cannot factually support his claims. There exists no evidence that defendants caused other prisoners to spread human waste in their cells simply to make plaintiff smell the unpleasant odors. In the opinion of the undersigned, defendants are entitled to summary judgment.

Accordingly, it is recommended that plaintiff's motion for partial summary judgment (Docket #91) be denied and defendants' motion for summary judgment (Docket #77) be granted dismissing the complaint. It is further recommended that plaintiff's motions for an order compelling discovery (Docket ## 60, 61, 69, 70, 71, 93 and 95), motion to subpoena witnesses (Docket #73), motions for writ of habeas corpus (Docket #74 and #103), motion for permanent injunction to

prevent the State to force plaintiff to pay medical costs (Docket #88), motion for costs (Docket #89), and motion to correct (Docket #96) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:   September 12, 2008