UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY #236321,

        Plaintiff,

                                    File No.  2:06-CV-243

v.

                                    HON. ROBERT HOLMES BELL

TIMOTHY LUOMA, et. al.,

        Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**REJECTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on a Report and Recommendation ("R&R") of

Magistrate Judge Greeley  (Dkt. No. 105) with respect to Defendants' motion for summary

judgment (Dkt. No. 77) and Plaintiff's motion for partial summary judgment (Dkt. No. 91).

The R&R recommends granting Defendants' motion for summary judgment.  In addition, the

R&R recommends denying Plaintiff's motion for partial summary judgment as well as

denying a number of motions filed by Plaintiff with respect to discovery.  Plaintiff submitted

objections to the R&R.  (Dkt. No. 106.)

**I.**

Plaintiff filed a complaint, *pro se*, on September 15, 2006, pursuant to 42 U.S.C.

§ 1983 alleging violation of his Eighth Amendment rights as a result of: (1) exposure to the

smell of human waste over a period of six months, and (2) direct exposure to human waste

in a detention cell over a period of 20 days.[1]  Plaintiff claims that Defendants deliberately
failed to promptly clean up human waste that was smeared over the walls of prison cells and
placed into the prison vents by mentally ill prisoners.

## II.

This Court is required to make a *de novo* determination of those portions of the R&R
to which specific objection has been made, and may accept, reject, or modify any or all of
the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ.
P. 72(b).

Examining the evidence, the R&R determined that Defendants presented evidence that
Defendants were not deliberately indifferent, and noted that Plaintiff presented no evidence
that Defendants "caused other prisoners to spread human waste in their cells simply to make
Plaintiff smell the unpleasant odors."  (Dkt. No. 105.)  Plaintiff objects to the R&R on the
basis that, if given the opportunity to pursue further discovery, he could provide evidence to
support his claims.  In his response to Defendants' motion for summary judgment, Plaintiff
indicates that Defendants have not responded to certain requests for information, or produced
certain documents, including the prison unit logs and grievances filed by other prisoners,
which could provide support for Plaintiff's claims.  The Court also notes that Plaintiff filed
several motions related to discovery prior to the motion for summary judgment, and these
motions were pending at the time the Magistrate Judge issued the R&R.  In his objections,

---

[1]The Court notes that Plaintiff's complaint does not specifically allege the latter facts;
they were first alleged in a motion filed by Plaintiff on June 12, 2008.

Plaintiff cites Rule 56(f) of the Federal Rules of Civil Procedure, which provides that a court may deny a motion for summary judgment if a party opposing the motion can show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(f). Plaintiff also objects to the R&R because his claim, in part, is that he was *directly exposed* to human waste in his cell.

Even assuming that Plaintiff has properly shown, pursuant to Rule 56(f), that he could obtain sufficient evidence in support of his claim after further discovery from Defendants, he fails to state a claim that exposure to the smell of human waste violates the Eighth Amendment in his case. The Court will grant Defendants' motion on this basis. Nevertheless, Defendants' motion did not address Plaintiff's claim that he was directly exposed to human waste in his cell. Thus, the Court will reject the R&R and grant Defendants' motion solely with respect to the Plaintiff's claim regarding exposure to the smell of human waste.

### III.

#### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment, which includes a duty by prison officials to provide "humane" conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A conditions-of-confinement claim within the prison setting requires the prisoner to show: (1) an objectively serious deprivation, and (2) a sufficiently culpable state of mind on the part of the prison officials. *Id.* at 834.

Under the objective prong, "the official's act must result in the denial of 'the minimal civilized measure of life's necessities' . . . ." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). This determination is made by reference to "contemporary standards of civilized decency that currently prevail in society." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). In a conditions-of-confinement case, the Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Accordingly, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Plaintiff alleges that he was exposed to human waste fumes emanating from the vent in his cell, over a period of approximately six months from July 2005 to December 2005. (Dkt. No. 1, Compl. ¶ 3.) He claims that exposure to these fumes caused "sickness, migraine headaches, nosebleeds, lack of appetite, lose [sic] of sleep, redness in the eyes, difficulties in breathing, pain and suffering." (Compl. ¶ 10.)

Relying on *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *2 (6th Cir. Nov. 12, 1999) (unpublished), Defendants argue that, accepting the allegations in Plaintiff's complaint as true, exposure to the smell of human waste is not, in itself, sufficiently serious to constitute a violation of the Eighth Amendment. *See also Williams v. Luetzow*, No. 2:06-CV-100, 2006 U.S. Dist. LEXIS 38366 at *17 (W.D. Mich. Jun. 9, 2006)

(unpublished) (granting dismissal of Eighth Amendment claim where prisoner's claims included exposure to smells of urine and feces from nearby prison cells because prisoner did not show denial of "basic human needs and requirements" and did not allege a physical injury).

In *Abdur-Reheem-X*, the court noted:

Regarding the sickening odors caused by his mentally ill neighbor and the cleaning of that cell, Abdur-Reheem-X has not specified a specific serious health threat caused by these odors.   A condition of confinement claim requires a showing that society considers the health threat "to be so grave that it violates contemporary standards of decency to expose anyone unwillingly" to it.   Anyone who thoroughly cleans a bathroom is exposed to the strong smell of bleach.   This element of Abdur-Reheem-X's claim lacks merit.

. . . Other than nausea, Abdur-Reheem-X has asserted no serious health threat arising from the unpleasant odors. The Eighth Amendment protects Abdur-Reheem-X from conditions of confinement that are health threats; it does not shield him from conditions that cause mere discomfort.  In addition, the actions of the mentally ill inmate were not within the control of the defendants.

*Abdur-Reheem-X,* 1999 WL 1045069, at *7, 8 (emphasis added) (citations omitted).

In a different case in this district, the prisoner contended that:

Mentally ill prisoners [housed with plaintiff] are frequently unable or unwilling to take care of their basic hygienic needs. Most never shower and live in their own filth for weeks at a time.  Plaintiff contends that some cells resemble giant septic tanks with excrement smeared on walls and doors, and with puddles of urine on the floor. As a result, the smell of fermenting urine and feces in administrative segregation is common and inescapable. . . .  Mentally ill prisoners also throw urine and feces at other prisoners and staff and self-mutilate and attempt suicide.

*Williams*, 2006 U.S. Dist. LEXIS 38366 at *15-17.  In *Williams*, the court concluded that

"[Plaintiff] does not allege or show that he was denied basic human needs and requirements."

*Id.* at \*18.

Plaintiff's complaints of nausea, headaches, and vomiting are similar to the types of complaints asserted by the plaintiffs in *Abdur-Reheem-X* and *Williams* and which those courts found were not sufficiently serious health threats.[2]  Moreover, this is not a case where Plaintiff has alleged that he has a serious medical condition that was exacerbated by exposure to the allegedly inhumane conditions.  *Compare Reilly v. Grayson*, 310 F.3d 519 (6th Cir. 2002) (upholding an Eighth Amendment claim where the lower court found that the prisoner "suffered from a serious medical condition that was exacerbated by exposure to second-hand smoke") *with Henderson v. Martin*, No. 01-2463, 73 F. App'x 115, 118 (6th Cir. Aug. 4, 2003) ("Unlike the inmate in *Reilly*, Henderson has made no showing of any serious medical condition like asthma that was significantly exacerbated by exposure to ETS. . . . Henderson's discomfort is not sufficiently serious to bring him under the protection of the Eighth Amendment.").

Accordingly, the Court agrees with Defendants that Plaintiff has failed to show that, by exposure to smell of human feces, he was subjected to a health risk "so grave that it violates contemporary standards of decency."  *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

**B. Qualified Immunity**

Defendants also argue that they are subject to qualified immunity; even if this Court

---

[2]Plaintiff has alleged that the fumes created the risk of contracting airborne diseases, such as Hepatitis, but Plaintiff offers no evidence of this assertion and does not indicate how further discovery would assist him in proving this allegation.

were to determine that Plaintiff has sufficiently shown a claim of violation of the Eighth Amendment for exposure to the smell of human waste, the Court agrees that Defendants would be subject to qualified immunity with respect to this claim.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key*, 179 F.3d at 1000 (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)). The analysis of whether a right is "clearly established" "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier*, 533 U.S. at 201). "'[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense.'" *Lyons v. City of Xenia*, 417 F.3d 565, 572 (6th Cir. 2005) (quoting *Brosseau*, 543 U.S. at 199); s*ee Perez*, 466 F.3d at 428 ("Because most legal rights are clearly established at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly violated.'"). "'The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Saucier*, 533 U.S. at 201); *see Weaver v. Shadoan*, 340 F.3d 398, 407 (6th Cir. 2003). "Ordinarily, a Supreme Court or Sixth Circuit decision on point is necessary." *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007). The court must focus on whether, at the time the defendant acted, the right asserted was "clearly established" by the decisions of the Supreme Court or the Sixth Circuit.

*See Reynolds v. City of Anchorage*, 379 F.3d 358, 366 (6th Cir. 2004); *Gragg v. Kentucky Cabinet for Workforce Dev.*, 289 F.3d 958, 964 (6th Cir. 2002).

"'[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law.'" *Armstrong*, 432 F.3d at 699 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Thus, officials are 'entitled to qualified immunity [when] their decision was reasonable, even if mistaken.'" *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir. 2003) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)); *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) ("Qualified immunity leaves government authorities 'ample room for mistaken judgments.'") (quoting *Scott v. Clay County*, 205 F.3d 867, 873 n. 9 (6th Cir. 2000)). "If reasonable officials could disagree on the issue, immunity should be recognized." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999); see *Akers*, 352 F.3d at 1042. "For qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow to raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Saylor v. Bd. of Educ.*, 118 F.3d 507, 514 (6th Cir. 1997).  Plaintiff fails to meet his burden; the lack of any relevant Supreme Court or Sixth Circuit cases offered by Plaintiff, and the decisions in *Williams* and *Abdur-Reheem-X*, indicate that Plaintiff's asserted right under the Eighth Amendment to be free of the smell of human waste is not clearly established.

In finding in favor of Defendants on the claim regarding exposure to the smell of human waste, however, the Court notes that Defendants have not addressed Plaintiff's

allegation that he was directly exposed to human waste in his own cell and forced to drink from a contaminated sink.[3]  For the foregoing reasons, the Court rejects the R&R and grants Defendants' motion for summary judgment solely with respect to Plaintiff's claim of exposure to the smell of human waste.

## IV.

The Court also denies Plaintiff's motion for partial summary judgment.  In his motion, Plaintiff does not argue or show that material facts supporting his claims are not in genuine dispute; rather, Plaintiff's motion essentially restates Plaintiff's arguments opposing Defendants' summary judgment motion, and lists facts that Plaintiff believes are still in dispute.  Thus, he fails to make the requisite showing under Rule 56 of the Federal Rules of Civil Procedure.

## V.

Also pending before the Court is Plaintiff's motion for an injunction.  (Dkt. No. 88.) Plaintiff requests an injunction preventing Defendants from seeking reimbursement from Plaintiff pursuant to the State Correctional Facility Reimbursement Act, Mich. Comp. Laws §§ 800.401, *et seq*. (the "SCFRA").  Plaintiff contends that the SCFRA is preempted by an award of damages under § 1983, citing *Hankins v. Finnel*, 964 F.2d 853 (8th Cir. 1992). However, the Court has not awarded any damages to Plaintiff in this case.  Plaintiff's motion will be denied.

---

[3]In an earlier R&R adopted by this Court, the Magistrate Judge noted that, unlike the prisoner in *Abdur-Reheem-X*, Plaintiff alleged that his water was contaminated.  (Dkt. No. 54, 02/20/2008 R&R 8.)

9

Similarly, Plaintiff's motion for attorney's fees and costs  (Dkt. No. 89) is denied because Plaintiff has not, as of this time, prevailed on any of his claims and provides no basis for granting such a motion.

In addition, Plaintiff asks the Court for a subpoena to produce him to testify at trial. (Dkt. No. 103.)  This case has not yet been scheduled for trial; the Court will issue a writ if one is necessary.

Plaintiff's motion requesting transfer to a new facility is denied.  (Dkt. No. 116.)

Finally, the R&R recommended denial of a number of motions filed by Defendant related to discovery and witnesses, though the basis for denial is not stated in the R&R.  (Dkt. Nos. 60, 61, 69, 70, 71, 73, 74, 93, 95, 96.)  Because the Court rejects the R&R, the Court will direct the Magistrate Judge to revisit these motions in light of this opinion.

Accordingly,

**IT IS HEREBY ORDERED THAT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 105) is **REJECTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 106) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (Dkt. No. 91) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 77) is **GRANTED IN PART**, solely with respect to Plaintiff's allegations of exposure

to the smell of human waste, and **DENIED IN PART** with respect to Plaintiff's allegations of direct exposure to human waste.

**IT IS FURTHER ORDERED** that Plaintiff's motions for an injunction (Dkt. No. 88), for attorney's fees and costs (Dkt. No. 89), for a subpoena to produce Plaintiff (Dkt. No. 103), for transfer to a new facility (Dkt. No. 116), are **DENIED**.

Plaintiff's case shall proceed solely with respect to his Eighth Amendment claim that he was directly exposed to human waste in his cell.  The Magistrate Judge is directed to revisit Plaintiff's pending motions related to discovery and witnesses (Dkt. Nos. 60, 61, 69, 70, 71, 73, 74, 93, 95, 96) in light of this opinion.

Dated: <u>March 30, 2009</u>                       <u>/s/ Robert Holmes Bell</u>
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE