UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY,

        Plaintiff,

                                  File No. 2:06-cv-243

v.

                                  HON. ROBERT HOLMES BELL

TIMOTHY LUOMA, et al.,

        Defendants.
        _____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Christopher Bey. Before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Timothy P. Greeley recommending that the Court grant a motion for summary judgment filed by Defendants Warden Timothy Luoma, Deputy Warden Darlene Edlund, Assistant Deputy Warden William Luetzow, and Resident Unit Manager William Jondreau, and that the Court deny Plaintiff's motions for partial judgment, for attorney's fees, and for emotional suffering and mental anguish damages. (Dkt. No. 162, R&R.) Plaintiff has filed objections to the R&R. (Dkt. No. 164.) For the reasons that follow, Plaintiff's objections will denied and the R&R will be adopted as the opinion of the Court.

This Court is required to conduct a de novo review with respect to those portions of the R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court notes that it has already resolved Plaintiff's Eighth Amendment claim based on his allegation that he was exposed to the smell of human waste emanating from the cells of other prisoners over a period of six months. (Dkt. No. 120, 03/30/2009 Mem. Op. & Order.) Plaintiff's remaining claim is based on his allegation that he was directly exposed to human waste in cell no. 144 for a period of twenty days. The R&R recommended granting summary judgment on this claim because Plaintiff failed to exhaust his prison grievance remedies. On de novo review, the Court agrees with that determination.

The R&R noted that one of Plaintiff's grievances complained about smells emanating through his top vent from other prisoners' cells, but was silent regarding direct exposure to human waste in his own cell. (R&R 4.) It also noted that, according to an affidavit filed by Defendants, Plaintiff has not filed a grievance related to the direct-exposure claim. (*Id.* at 3.) Plaintiff contends that he is not required to name all of the Defendants in a grievance in order to exhaust his claims, citing *Jones v. Bock*, 549 U.S. 199, 218 (2007). However, as the Magistrate Judge noted in a previous R&R in this case, the Court in *Jones* examined an earlier version of the Michigan Department of Corrections ("MDOC") grievance policy that did not require the naming of officials. *See Robinson v. Gidley*, No. 1:07-cv-668, 2008 WL

2

623822, at *4 (W.D. Mich. Mar. 3, 2008) (distinguishing *Jones*). Notwithstanding Plaintiff's argument, there is no evidence that Plaintiff exhausted his remedies as to the specific issue of direct exposure to human waste in his own cell. When he responded to the motion for summary judgment, Plaintiff attached an affidavit alleging that he filed a grievance on this issue against Defendant Burke and an official that is no longer a party to this action. (Dkt. No. 151, Pl.'s Resp. to Mot. for Summ. J., Ex. 1 at 11.) He did not, however, indicate the resolution of the grievance, or whether he pursued it through all three steps of the grievance process. Moreover, the copy of the grievance that he attached to his response does not indicate when it was received by prison officials or how it was resolved. (*Id.* at 17.) Thus, even if Plaintiff properly filed a step I grievance on this issue, there is no evidence that he exhausted his grievance remedies. The evidence submitted by Defendants that Plaintiff did not, in fact, file any grievances on this issue is consistent with the evidence submitted by Plaintiff in response to the summary judgment motion, with Plaintiff's deposition testimony that he made only verbal complaints regarding the conditions in the cell in which he was allegedly exposed to human waste (*See* Dkt. No. 146, Mot. for Summ. J., Ex. 7), and with his statement in his objections that he *attempted* to file grievances but they were not filed or received by the grievance coordinators (*See* Dkt. No. 164, Pl's Objs. 4).[1] In summary, there is no evidence that Plaintiff filed a grievance with respect to his claim which named

---

[1] In response to the motion for summary judgment, Plaintiff alleged that he filed a grievance complaining about direct exposure to human waste against Officers Burke and Hemmela. (Dkt. No. 151, Ex. 1, Aff. ¶ 4.) In his objections, he now contends that he *attempted* to file three separate grievances on this issue.

Defendants Luoma, Edlund, Luetzow, or Jondreau; the record evidence disputes Plaintiff's assertion that he filed any grievances at all on this issue, and even if Plaintiff filed a step I grievance on this issue, there is no evidence that Plaintiff exhausted his grievance remedies. Thus, the Court agrees with the R&R that Plaintiff has not offered evidence sufficient to create a genuine issue of material fact as to whether he exhausted his administrative remedies with respect to his claim that he was directly exposed to human waste in cell no. 144.

Plaintiff also contends that the Magistrate Judge previously held in an R&R dated September 12, 2008, that Defendants intentionally failed to clean up human waste as punishment for prisoners. There is no basis for this assertion. Finally, Plaintiff contends that, in a previous R&R, the Magistrate Judge noted that had Defendants conceded that Plaintiff had exhausted his claim (*See* Dkt. No. 54, 02/20/2008 R&R 6); however, the claim addressed in that R&R is not the claim that Plaintiff was directly exposed to human waste in cell 144 for twenty days. That R&R addressed Plaintiff's other claim, i.e., that he was exposed to the smell of human waste emanating from the cells of other prisoners over a period of several months. (*See id.* at 1-2, 7.) For the foregoing reasons, the Court will grant the motion for summary judgment and enter judgment in favor of the remaining Defendants in this matter.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 164) are **DENIED**.

---

[2] The Court's conclusions as to the summary judgment motion are equally applicable to the only other Defendant, Officer Burke.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 162), combined with the opinion herein, is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 145) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for partial summary judgment (Dkt. No. 132), for attorney's fees (Dkt. No. 133), for emotional suffering and mental anguish damages (Dkt. No. 141), for writ of habeas corpus ad testificandum (Dkt. No. 134), for appointment of counsel (Dkt. No. 135), and for discovery (Dkt. No. 148) are **DENIED**.

The Court hereby **CERTIFIES** that an appeal of this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A judgment will be entered that is consistent with this memorandum opinion and order.

Dated: March 10, 2010                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE